IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE S. HAAGENSEN, | ) | |
|       Plaintiff, | ) | |
| | ) | |
|     vs | ) | Civil Action No. 08-727 |
| | ) | Judge Ambrose |
| PENNSYLVANIA STATE POLICE, et al., | ) | Magistrate Judge Mitchell |
|       Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss submitted on behalf of Defendants Pennsylvania State Police, Clyde Jones, Todd Scott and the Pennsylvania Game Commission (Docket No. 5) be granted with respect to Count I as to Jones and Scott in their official capacities, Counts II and III in their entirety and all of the claim in Count IV except that the request for non-monetary relief arising out of alleged violations of Plaintiff's rights under the Pennsylvania constitution remains as to the State Police and the Game Commission; the motion should be denied with respect to Count I as to the State Police, the Game Commission and Jones and Scott in their individual capacities. It is further recommended that the motion to dismiss submitted on behalf of Defendants Ralph D. Joy, Jr., Jay McBride, Jordan Snyder, Shane Sparks and George Stevenish (Docket No. 17) be granted with respect to Counts II, III and IV and denied with respect to Count I. It is further recommended that the motion to dismiss submitted on behalf of Defendant Christian Winter (Docket No. 20) be granted with respect to Counts II-IV and Count I as to Winter in his official capacity, but denied with respect to Count I as to Winter in his individual capacity. It is further recommended that the motion to dismiss submitted on behalf of Defendant Jeffrey Kendall (Docket No. 29) be granted. It is further recommended that

the motion to dismiss submitted on behalf of Defendant Gary Ferrigno (Docket No. 37) be granted with respect to Counts II, III and IV and denied with respect to Count I.

II.     Report

Plaintiff, Janice S. Haagensen, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, the Pennsylvania State Police, three State Police Troopers (Christian Winter, Clyde Jones and Todd Scott), the Pennsylvania Game Commission, Game Warden Jeffrey Kendall and eleven individuals (Michael McBride, Nathaniel Akins, Leslie McBride, Gary Ferrigno, Cathy Vasko a/k/a Cathy Ferrigno a/k/a Cathy Leary, George Stevenish, Ben Sherry, Jordan Snyder, Ralph Joy, Jr., Shane Sparks and Jay McBride). Plaintiff alleges that she was subjected to false arrest and malicious prosecution in violation of her Fourth Amendment rights when the eleven individuals (hunters who were on or near her property) acted in concert with the state troopers to have her charged and prosecuted for allegedly violating Pennsylvania's Hunter Harassment Statute, 34 Pa. C.S. § 2302 ("the HHS"), and the civil harassment statute, 18 Pa. C.S. § 2709. She challenges the constitutionality of both acts, the HHS on its face and as applied to her and § 2709 as applied to her, as violative of her rights under the First and Fourteenth Amendments, and she alleges that the Defendants retaliated against her for exercising her freedom of speech and violated her rights to due process and equal protection of the laws. She also raises state constitutional and common law claims.

Plaintiff was initially charged by the State Police with eight separate criminal instances of violating the HHS and § 2709. She was acquitted of one of the civil harassment charges by the Magisterial District Judge. She was acquitted of a second civil harassment charge after a trial in the Court of Common Pleas of Lawrence County. She was also acquitted of a harassment charge

brought by Defendant Gary Ferrigno in the Court of Common Pleas, after trial on multiple counts. She was convicted of the remaining five charges of violating the HHS in the Court of Common Pleas, but ultimately cleared of any criminal wrongdoing by the Commonwealth Court of Pennsylvania. (Compl. ¶¶ 36-37.) The court's opinion was published as Commonwealth v. Haagensen, 900 A.2d 468 (Pa. Commw. 2006).

This is a supplement to the Report and Recommendation filed on January 5, 2009 (Docket No. 42), which is incorporated herein by reference. The Report and Recommendation is modified with respect to the motion to dismiss filed on behalf of Ralph D. Joy, Jr., Jay McBride, Jordan Snyder, Shane Sparks and George Stevenish (Docket No. 17) and the motion to dismiss submitted on behalf of Defendant Gary Ferrigno (Docket No. 37) (together, the Hunter Defendants) in that it is recommended that both motions be granted with respect to Count IV (the state law claims) because of the running of the statute of limitations.

Pursuant to this Supplemental Report and Recommendation, the following claims will remain in the case: in Count I, the constitutional challenges to the HHS and § 2709 (against the State Police and the Game Commission), and the claims of First Amendment retaliation, violation of due process and equal protection (against all defendants except Game Warden Kendall); in Count IV, the constitutional challenges to the HHS (against the State Police and the Game Commission).

Statute of Limitations as to § 1983 Claims in Count I

The Hunter Defendants argue that all of Plaintiff's § 1983 claims are barred by the running of the borrowed two-year statute of limitations because the acts about which she complains occurred in December 2001 but she did not file this case until 2008 (and with respect

3

to George Stevenish and Gary Ferrigno, their most recent acts occurred on October 8, 2004 when they testified against her in court). Plaintiff responds that she could not plead or demonstrate the lack of probable cause with respect to her claims of First Amendment retaliation in the form of a prosecution or malicious prosecution in violation of the Fourth Amendment until her conviction had been reversed on appeal by the Commonwealth Court and her complaint, brought within two years of that date, was timely as to these claims.

Because Congress did not establish a statute of limitations for civil rights claims, federal courts "borrow" state statutes of limitations governing analogous causes of action. Wilson v. Garcia, 471 U.S. 262, 276 (1985) (for claims brought under 42 U.S.C. § 1983). Under Pennsylvania law, the statute of limitations for personal injuries is two years, and that statute is applied to § 1983 claims. Nelson v. County of Allegheny, 60 F.3d 1010, 1012 (3d Cir. 1995).

Under the Federal Rules of Civil Procedure, a statute of limitations defense must be raised in the answer, since Rule 12(b) does not permit such a defense to be raised by motion. Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002). However, as the court in Robinson explained: "the law of this circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Id. at 135. "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id.

Unlike the selection of the limitations period, the date the cause of action accrues is governed by federal law. Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). In Wallace, the Supreme Court clarified that a cause of action for false arrest accrues on the date the claimant

4

becomes detained pursuant to legal process. Wallace appeared before a magistrate judge and was bound over for trial at a date more than two years prior to the date he brought his suit (borrowing Illinois' two-year statute of limitations for personal injury claims) and thus his claim was untimely.

In this case, according to the Commonwealth Court opinion, Plaintiff was convicted of all charges before a Magisterial District Judge in April 2002,[1] which is clearly more than two years before this case was filed on May 27, 2008. Thus, her false arrest claim is clearly untimely.[2]

However, a cause of action for malicious prosecution in violation of the Fourth Amendment, that is a § 1983 damages claim that necessarily implicates the constitutionality of the conviction, does not accrue until the conviction has been overturned or invalidated. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Thus, Plaintiff's malicious prosecution claim did not accrue until June 2, 2006, when the Commonwealth Court dismissed the charges against her, and her complaint, filed on May 27, 2008, was timely brought. However, as explained in the Report and Recommendation filed on January 5, 2009, that claim is subject to dismissal on the ground that Plaintiff did not suffer a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding when she was merely handed citations and required to attend her own trial. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005).

---

[1] 900 A.2d at 470.

[2] In addition, as the Report and Recommendation filed on January 5, 2009 concluded, this claim is also subject to dismissal on the ground that Plaintiff did not suffer a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding when she was handed citations. See Penberth v. Krajnak, 2008 WL 509174, at *14 (M.D. Pa. Feb. 21, 2008); Moyer v. Borough of North Wales, 2001 WL 73428, at *2 (E.D. Pa. Jan. 25, 2001); see also Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986).

However, Plaintiff notes that she has also alleged a First Amendment retaliation claim and specifically a claim that the retaliation took the form of a prosecution. The Court of Appeals for the Third Circuit has held that a plaintiff in a First Amendment retaliation case must prove: "(1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir. 2004) (citing Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997)). See also Thomas v. Independence Township, 463 F.3d 285, 296 (3d Cir. 2006).

In Hartman v. Moore, 547 U.S. 250, 258 (2006), the Supreme Court held that, in a case in which the plaintiff is alleging a claim of First Amendment retaliation in the form of a prosecution, she must also plead and prove the absence of probable cause supporting the prosecution. See Johnson v. Knorr, 477 F.3d 75, 88 (3d Cir. 2007). Plaintiff contends that she could not do so until the charges against her had been dismissed by the Commonwealth Court on June 2, 2006, and therefore her complaint, filed on May 27, 2008, was timely brought. The Hunter Defendants have not addressed this argument.

Plaintiff has raised a valid point: her First Amendment retaliatory prosecution claim did not accrue until the charges against her had been dismissed. She filed suit within two years of that date and therefore her claim is timely brought. In addition, this claim is not subject to dismissal on the ground that she was not subjected to a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding. Therefore, with respect to the First Amendment retaliatory prosecution claim in Count I, the motions to dismiss filed by the Hunter Defendants should be denied.

Statute of Limitations for State-Law Claims

The Hunter Defendants contend that the state law claims asserted against them in Count IV of the complaint–intentional infliction of emotional distress and trespass–are barred by the running of the statutes of limitations. Plaintiff responds that these claims also did not accrue until the charges against her had been dismissed.

The Hunter Defendants correctly note that, under Pennsylvania law, claims of trespass and intentional infliction of emotional distress are subject to a two-year statute of limitations. See 42 Pa. C.S. § 5524(4) (trespass); § 5524(7) (intentional conduct); Bougher v. University of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989) (intentional infliction of emotional distress). These claims would have accrued at the time they occurred, namely in December 2001, and are now time barred.

Plaintiff contends that these claims did not accrue until the Commonwealth Court reversed her convictions for violating the HHS. However, she provides no authority for this contention and neither claim contains an element that requires delaying the accrual thereof until her convictions were reversed on appeal. Therefore, the motions to dismiss should be granted with respect to Count IV.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of Defendants Pennsylvania State Police, Clyde Jones, Todd Scott and the Pennsylvania Game Commission (Docket No. 5) be granted with respect to Count I as to Jones and Scott in their official capacities, Counts II and III in their entirety and all of the claim in Count IV except that the request for non-monetary relief arising out of alleged violations of Plaintiff's rights under the Pennsylvania constitution remains as to the State Police and the Game Commission; the motion

should be denied with respect to Count I as to the State Police, the Game Commission and Jones and Scott in their individual capacities.  It is further recommended that the motion to dismiss submitted on behalf of Defendants Ralph D. Joy, Jr., Jay McBride, Jordan Snyder, Shane Sparks and George Stevenish (Docket No. 17) be granted with respect to Counts II, III and IV and denied with respect to Count I.  It is further recommended that the motion to dismiss submitted on behalf of Defendant Christian Winter (Docket No. 20) be granted with respect to Counts II-IV and Count I as to Winter in his official capacity, but denied with respect to Count I as to Winter in his individual capacity.  It is further recommended that the motion to dismiss submitted on behalf of Defendant Jeffrey Kendall (Docket No. 29) be granted.  It is further recommended that the motion to dismiss submitted on behalf of Defendant Gary Ferrigno (Docket No. 37) be granted with respect to Counts II, III and IV and denied with respect to Count I.

Within the time specified in the Notice of Electronic Filing, any party may serve and file written objections to this Supplemental Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: March 3, 2009

cc:  Cathy Vasko
     2491 Brodhead Road
     Aliquippa, PA 15001