IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE S. HAAGENSEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 08-727 |
| | ) | Judge Ambrose |
| PENNSYLVANIA STATE POLICE, et al., | ) | Magistrate Judge Mitchell |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss submitted on behalf of Defendant Cathy Vasko a/k/a Cathy Ferrigno a/k/a Cathy Leary (Docket No. 50) be granted with respect to Counts II, III and IV of the complaint and denied with respect to Count I.

II.    Report

Plaintiff, Janice S. Haagensen, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, the Pennsylvania State Police, three State Police Troopers (Christian Winter, Clyde Jones and Todd Scott), the Pennsylvania Game Commission, Game Warden Jeffrey Kendall[1] and eleven individuals (Michael McBride, Nathaniel Akins, Leslie McBride, Gary Ferrigno, Cathy Vasko a/k/a Cathy Ferrigno a/k/a Cathy Leary, George Stevenish, Ben Sherry, Jordan Snyder, Ralph Joy, Jr., Shane Sparks and Jay McBride). Plaintiff alleges that she was subjected to false arrest and malicious prosecution in violation of her Fourth Amendment rights when the eleven individuals (hunters who were on or near her property) acted in concert with the state troopers to have her charged and prosecuted for allegedly violating Pennsylvania's Hunter Harassment

---

[1] Pursuant to the Order of Court dated March 25, 2009 (Docket No. 54), Game Warden Kendall has been dismissed from the case.

Statute, 34 Pa. C.S. § 2302 ("the HHS"), and the civil harassment statute, 18 Pa. C.S. § 2709. She challenges the constitutionality of both acts, the HHS on its face and as applied to her and § 2709 as applied to her, as violative of her rights under the First and Fourteenth Amendments, and she alleges that the Defendants retaliated against her for exercising her freedom of speech and violated her rights to due process and equal protection of the laws. She also raises state constitutional and common law claims.

Plaintiff was initially charged by the State Police with eight separate criminal instances of violating the HHS and § 2709. She was acquitted of one of the civil harassment charges by the Magisterial District Judge. She was acquitted of a second civil harassment charge after a trial in the Court of Common Pleas of Lawrence County. She was also acquitted of a harassment charge brought by Defendant Gary Ferrigno in the Court of Common Pleas, after trial on multiple counts. She was convicted of the remaining five charges of violating the HHS in the Court of Common Pleas, but ultimately cleared of any criminal wrongdoing by the Commonwealth Court of Pennsylvania. (Compl. ¶¶ 36-37.) The court's opinion was published as Commonwealth v. Haagensen, 900 A.2d 468 (Pa. Commw. 2006).

Defendant Cathy Vasko moves to dismiss the claims against her, citing the statute of limitations. Plaintiff responds that Vasko has failed to follow the Rules of Civil Procedure and this Court's local rules that the motion should be denied because her claims did not accrue until the Commonwealth Court issued its opinion on June 2, 2006.

Failure to Follow Rules of Civil Procedure

Plaintiff argues that Vasko cannot present a motion to dismiss because she failed to do so by November 14, 2008 (the date her answer to the complaint was due), because she merely

2

submitted a handwritten note in which she asked the Court to "file a motion to dismiss" and because her "brief" consists of a handwritten note stating "I'm filing a brief. Because this was in Dec 2001 'STATUTE OF LIMITATIONS.'" Plaintiff maintains that Vasko should have followed the local rules with respect to format and content and that she should have obtained a pro se packet and followed its instructions.

The Supreme Court has held that:

A document filed pro se is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 551 U.S. 89, (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Moreover, as the Court of Appeals has noted, a court should "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Department of Veteran Affairs, 165 F.3d 244, 248 (3d Cir. 1999) (citation omitted). See also Bradshaw v. Baptiste, 23 F. Supp. 2d 1236, 1238 (D. Kan. 1998) (evaluating motions filed by pro se defendants under less stringent standard because they were pro se litigants).

In this case, Vasko is proceeding pro se and therefore the Court will construe her motion and brief liberally. Her failure to include the caption of the case or to cite case law may be excused given her pro se status. Moreover, the statute of limitations argument she references has already been briefed by the parties and discussed at length in the Supplemental Report and Recommendation filed on March 3, 2009. Thus, Plaintiff cannot contend that she is being prejudiced by the Court's liberal construction of Vasko's documents. Finally, although Plaintiff is correct that Vasko was supposed to file her answer to the complaint by November 14, 2008, she does not claim that she suffered prejudice because Vasko did not file her motion until March

5, 2009. Moreover, this argument would be unavailing in any event, as the case is still at the initial pleading stage and no initial case management conference has been scheduled.

Plaintiff contends that she does not know what subsection of Rule 12 Vasko is invoking, but this contention does not withstand scrutiny. Not only has Plaintiff already responded to several motions to dismiss in this case raising statute of limitations issues pursuant to Rule 12(b)(6), but she then proceeds in her response to address the merits of the statute of limitations argument. Therefore, she cannot claim that she is unable to respond to Vasko's inartful motion and brief.

<u>Statute of Limitations as to § 1983 Claims in Counts I-III</u>

Vasko argues that all of Plaintiff's § 1983 claims are barred by the running of the statute of limitations because the acts about which Plaintiff complains occurred in December 2001 but she did not file this case until 2008. Plaintiff responds that she could not plead or demonstrate the lack of probable cause with respect to her claims of First Amendment retaliation in the form of a prosecution or malicious prosecution in violation of the Fourth Amendment until her conviction had been reversed on appeal by the Commonwealth Court and her complaint, brought within two years of that date, was timely as to these claims.

Because Congress did not establish a statute of limitations for civil rights claims, federal courts "borrow" state statutes of limitations governing analogous causes of action. <u>Wilson v. Garcia</u>, 471 U.S. 262, 276 (1985) (for claims brought under 42 U.S.C. § 1983). Under Pennsylvania law, the statute of limitations for personal injuries is two years, and that statute is applied to § 1983 claims. <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1012 (3d Cir. 1995).

Under the Federal Rules of Civil Procedure, a statute of limitations defense must be

raised in the answer, since Rule 12(b) does not permit such a defense to be raised by motion. Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002). However, as the court in Robinson explained: "the law of this circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Id. at 135. "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. In this case, the complaint was filed in 2008 alleging claims arising out of actions taken in 2001. Thus, on its face, the complaint raises the possibility that it was not timely filed.

Unlike the selection of the limitations period, the date the cause of action accrues for purposes of a § 1983 action is governed by federal law. Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). In Wallace, the Supreme Court clarified that a cause of action for false arrest accrues on the date the claimant becomes detained pursuant to legal process. Wallace appeared before a magistrate judge and was bound over for trial at a date more than two years prior to the date he brought his suit (borrowing Illinois' two-year statute of limitations for personal injury claims) and thus his claim was untimely. The Court explicitly rejected Wallace's attempt to argue that his false arrest claim did not accrue until he was released from custody, holding that the period of his false arrest "ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date...." Id. at 1096. Thereafter, Wallace could have asserted the separate and distinct claim of malicious prosecution, but he did not do so. Id. at 1096 & n.2.

In this case, according to the Commonwealth Court opinion, Plaintiff was convicted of all

charges before a Magisterial District Judge in April 2002,[2] which is clearly more than two years before this case was filed on May 27, 2008. Thus, her false arrest claim in Count II is clearly untimely.[3]

However, a cause of action for malicious prosecution in violation of the Fourth Amendment, that is a § 1983 damages claim that necessarily implicates the constitutionality of the conviction, does not accrue until the conviction has been overturned or invalidated. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Thus, Plaintiff's malicious prosecution claim in Count III did not accrue until June 2, 2006, when the Commonwealth Court dismissed the charges against her, and her complaint, filed on May 27, 2008, was timely brought. Plaintiff's attempt to import the Heck principal into her federal (and state) false arrest claims is unavailing for the reasons stated in Wallace.[4]

Nevertheless, as explained in the Report and Recommendation filed on January 5, 2009 with respect to five other pending motions to dismiss filed by various defendants, Plaintiff's § 1983 malicious prosecution claim must be dismissed because she did not suffer a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding when

---

[2] 900 A.2d at 470.

[3] In addition, as the Report and Recommendation filed on January 5, 2009 concluded, this claim is also subject to dismissal on the ground that Plaintiff did not suffer a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding when she was handed citations. See Penberth v. Krajnak, 2008 WL 509174, at *14 (M.D. Pa. Feb. 21, 2008); Moyer v. Borough of North Wales, 2001 WL 73428, at *2 (E.D. Pa. Jan. 25, 2001); see also Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986).

[4] Plaintiff's contention that she could not have raised a false arrest claim immediately after her first appearance in magisterial district court because of Heck is simply wrong. See Wallace, 127 S.Ct. at 1096 n.3 (observing that a plaintiff can file a false arrest suit from the moment of her arrest).

she was merely handed citations and required to attend her own trial. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005). Plaintiff contends that, if she was "detained by legal process" in April 2002 such that her false arrest claim accrued on that date and is untimely, then she was concomitantly "seized" and deprived of her liberty on that date for purposes of her malicious prosecution claim. However, these are distinct issues. Whether she was detained by legal process in April 2002 is irrelevant with respect to her § 1983 malicious prosecution claim, which is timely but fails to contain a crucial element. According to the Court of Appeals for the Third Circuit, Plaintiff's allegations that she was handed citations and had to appear for her own trial do not constitute deprivations of liberty consistent with the concept of a seizure as a consequence of a legal proceeding, which is required for stating a § 1983 malicious prosecution claim.

Plaintiff notes that she has also alleged a First Amendment retaliation claim in Count I, and specifically a claim that the retaliation took the form of a prosecution. The Court of Appeals for the Third Circuit has held that a plaintiff in a First Amendment retaliation case must prove: "(1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir. 2004) (citing Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997)). See also Thomas v. Independence Township, 463 F.3d 285, 296 (3d Cir. 2006).

In Hartman v. Moore, 547 U.S. 250, 258 (2006), the Supreme Court held that, in a case in which the plaintiff is alleging a claim of First Amendment retaliation in the form of a prosecution, she must also plead and prove the absence of probable cause supporting the

7

prosecution. See Johnson v. Knorr, 477 F.3d 75, 88 (3d Cir. 2007). Plaintiff contends that she could not do so until the charges against her had been dismissed by the Commonwealth Court on June 2, 2006, and therefore her complaint, filed on May 27, 2008, was timely brought.

Plaintiff has raised a valid point: her First Amendment retaliatory prosecution claim did not accrue until the charges against her had been dismissed. She filed suit within two years of that date and therefore her claim is timely brought. In addition, this claim is not subject to dismissal on the ground that she was not subjected to a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding. Therefore, with respect to the First Amendment retaliatory prosecution claim in Count I, the motion to dismiss filed by Cathy Vasko should be denied, but the motion should be granted with respect to the false arrest claim in Count II and the malicious prosecution claim in Count III.

Statute of Limitations for State-Law Claims

Plaintiff states that, in Count IV, she has alleged that Vasko subjected her to the intentional infliction of emotional distress and false arrest. Vasko's motion raises a statute of limitations argument, albeit inartfully. Plaintiff responds that these claims also did not accrue until the charges against her had been dismissed.

Under Pennsylvania law, claims of false arrest and intentional infliction of emotional distress are subject to a two-year statute of limitations. See 42 Pa. C.S. § 5524(1) (false arrest); § 5524(7) (intentional conduct); Bougher v. University of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989) (intentional infliction of emotional distress). These claims would have accrued at the time they occurred, namely in December 2001, and are now time barred.

Plaintiff contends that these claims did not accrue until the Commonwealth Court

8

reversed her convictions for violating the HHS. However, she provides no authority for this contention and neither claim contains an element that requires delaying the accrual thereof until her convictions were reversed on appeal. In fact, her argument reveals its own flaw:

> Plaintiff's state-law claims against Defendant Vasko have not been barred by Pennsylvania's two-year statute of limitations because Plaintiff's pendent claims of false arrest and intentional infliction of emotional distress did not accrue, according to federal law, until all of her criminal convictions were reversed by the appellate court.

(Docket No. 56 at 6.) But state law claims do not accrue "according to federal law." Rather, as the Pennsylvania Supreme Court has stated:

> The Judicial Code provides in pertinent part that limitations periods are computed from the time the cause of action accrued. 42 Pa. C.S. § 5502(a). In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion. Thus, we have stated that the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. Generally speaking, in a suit to recover damages for personal injuries, this right arises when the injury is inflicted. Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute. Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action.

Fine v. Checchio, 870 A.2d 850, 857 (Pa. 2005) (citations omitted).

State law claims of false arrest and intentional infliction of emotional distress related to an arrest accrue at the time of the arrest. See, e.g., Little v. City and County of Phila., 2008 WL 2704579, at *4 (E.D. Pa. July 3, 2008); Benard v. Washington County, 465 F. Supp. 2d 461, 467 (W.D. Pa. 2006). Plaintiff argues that Vasko "inflicted emotion distress on [her] from December of 2001 through June of 2007, when [her] criminal convictions were publicly reversed by the Commonwealth Court of Pennsylvania." (Docket No. 56 at 10.) However, she cites no authority to support this argument, and courts have rejected it. See, e.g., Little, 2008 WL 2704579, at *4; Napier v. City of New Castle, 2007 WL 1965296, at *7 (W.D. Pa. July 3, 2007) (Lancaster, J.).

Plaintiff cites various doctrines, such as the discovery rule, equitable tolling and fraudulent concealment, that can toll the statute of limitations. However, she cites no authority that would apply these doctrines to the claims in this case.[5] Plaintiff bears the burden of demonstrating that these exceptions to the statute of limitations apply. Mest v. Cabot Corp., 449 F.3d 502, 511 (3d Cir. 2006). She has failed to do so. Therefore, the motion to dismiss should be granted with respect to Count IV.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of Defendant Cathy Vasko a/k/a Cathy Ferrigno a/k/a Cathy Leary (Docket No. 50) be granted with respect to Counts II, III and IV of the complaint and denied with respect to Count I.

Within the time specified in the Notice of Electronic Filing, any party may serve and file written objections to this Supplemental Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: April 30, 2009

---

[5] Her citation to Ragan v. Horn, 598 F. Supp. 2d 677 (E.D. Pa. 2009), for the proposition that her "actual innocence" forms the basis for granting equitable tolling is clearly not on point as Ragan is a habeas case and this is not. Plaintiff was not required to establish her actual innocence of the charges brought against her prior to bringing any of the state law claims alleged in this suit.

cc: Cathy Vasko
2491 Brodhead Road
Aliquippa, PA 15001