IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE S. HAAGENSEN,<br>      Plaintiff, | )<br>)<br>) |
| vs | )    Civil Action No. 08-727 |
| PENNSYLVANIA STATE POLICE, et al.,<br>      Defendants. | )<br>)<br>) |

## MEMORANDUM ORDER

On May 27, 2008, Plaintiff, Janice S. Haagensen, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Defendants, the Pennsylvania State Police, three State Police Troopers (Christian Winter, Clyde Jones and Todd Scott), the Pennsylvania Game Commission, Game Warden Jeffrey Kendall and eleven individuals (Michael McBride, Nathaniel Akins, Leslie McBride, Gary Ferrigno, Cathy Vasko a/k/a Cathy Ferrigno a/k/a Cathy Leary, George Stevenish, Ben Sherry, Jordan Snyder, Ralph Joy, Jr., Shane Sparks and Jay McBride). She alleges that she was subjected to false arrest and malicious prosecution in violation of her Fourth Amendment rights when eleven individuals (hunters who were on or near her property) acted in concert with three state troopers to have her charged and prosecuted for allegedly violating Pennsylvania's Hunter Harassment Statute, 34 Pa. C.S. § 2302 ("the HHS"), and the civil harassment statute, 18 Pa. C.S. § 2709. She challenges the constitutionality of both acts, the HHS on its face and as applied to her and § 2709 as applied to her, as violative of her rights under the First and Fourteenth Amendments, and she alleges that the Defendants retaliated against her for exercising her freedom of speech and violated her rights to due process and equal protection of the laws. She also raises state constitutional and common law claims.

The case was initially referred to United States Magistrate Judge Robert C. Mitchell for all proceedings, but on June 16, 2008, Plaintiff elected to have a District Judge assigned and the matter was assigned to the undersigned, with Magistrate Judge Mitchell remaining on the case in a referral capacity.

Various motions to dismiss were filed on behalf of numerous defendants. After a Report and Recommendation and Supplemental Report and Recommendation were filed by the magistrate judge and adopted as the opinions of the Court, the following claims remain in the case: in Count I, the constitutional challenges to the HHS and § 2709 (against the State Police and the Game Commission), and the claims of First Amendment retaliation, violation of due process and equal protection (against all defendants except Game Warden Kendall, who was dismissed from the case); in Count IV, the constitutional challenges to the HHS (against the State Police and the Game Commission).

On September 10, 2009, cross-motions for summary judgment were filed by Plaintiff and Defendants Pennsylvania State Police, Clyde Jones, Todd Scott, Christian Winter and the Pennsylvania Game Commission (together, the Commonwealth Defendants) as to the constitutionality of the HHS and § 2709. On October 22, 2009, the magistrate judge filed a Report and Recommendation (Docket No. 104), which recommended that Plaintiff's motion be denied and that the Commonwealth Defendants' motion be granted. Specifically, the Report and Recommendation concluded that: 1) Plaintiff's overbreadth challenge to the HHS fails because the Commonwealth Defendants have demonstrated that the statute has numerous valid applications, there is little likelihood of impermissible applications, the state has an interest in regulating activity and/or conduct which is knowingly and intentionally designed to interfere with

2

the legal activity of lawful hunting and the statute serves two vital purposes; 2) the HHS would survive a facial void-for-vagueness challenge because it has a specific intent requirement and lists particular conduct that violates the act; 3) the Commonwealth Defendants have immunity under the Eleventh Amendment from Plaintiff's as-applied challenges (under the First Amendment and the Pennsylvania constitution) to the HHS because she has failed to establish an ex parte Young exception when she has not pointed to the existence of an ongoing violation and the record indicates that the Court of Common Pleas and Commonwealth Court narrowed the scope of the activity barred by the HHS as did a Standard Operating Procedure issued by the Game Commission; and 4) Plaintiff cannot maintain her as-applied challenge to § 2709 as it is time barred because her last conviction was overturned by the Court of Common Pleas on March 18, 2005, more than two years before she filed suit.

Service of the Report and Recommendation was made on the parties. On November 9, 2009, Plaintiff filed objections (Docket No. 108), to which the Commonwealth Defendants responded on November 12, 2009 (Docket No. 109). In her objections, Plaintiff contends, inter alia, that the Report and Recommendation erred in its statute of limitations analysis because although she was found not guilty of one charge under § 2709 on March 18, 2005, she was convicted of another charge on that same date. She has provided, for the first time, evidence to support this contention. (Docket No. 108 Ex. 1.)

However, as the Commonwealth Defendants observe, she has still not provided evidence to support her contention that she appealed this conviction to the Commonwealth Court and that the Commonwealth Court reversed the conviction on June 2, 2006, thus making her challenge timely. Moreover, the Commonwealth Court's published opinion makes no mention of any

3

§ 2709 conviction, but discusses only the HHS convictions. As this opinion states by way of introduction:

> Before this court are the consolidated appeals of Janice Haagensen from five March 18, 2005 orders of the Court of Common Pleas of Lawrence County (trial court) finding Haagensen guilty of interference with the lawful taking of wildlife, a summary offense, in violation of sections 2302(a.1)(2) and (7) of the Game and Wildlife Code (Hunter Harassment Statute or HHS), 34 Pa. C.S. § 2302(a.1)(2) and (7).

Commonwealth v. Haagensen, 900 A.2d 468, 469 (Pa. Commw. 2006). Nowhere in the body of the opinion does the court indicate that Plaintiff was also appealing a conviction under § 2709 and Plaintiff has provided no other evidence to support her contention that the court entertained such an appeal.

Moreover, as noted in the Report and Recommendation the Commonwealth Court would not have jurisdiction over appeals regarding § 2709 in any event, as this statute is a criminal statute under Title 18, which is not one of the areas of appeal dedicated to the Commonwealth Court and appeals therefore proceed to the Superior Court. See 42 Pa. C.S. § 762(a)(2)(ii) (the Commonwealth Court has exclusive jurisdiction over appeals from final orders of the courts of common pleas in cases involving regulatory statutes administered by any Commonwealth agency); § 742 (the Superior Court has exclusive jurisdiction of all appeals from the courts of common pleas except those within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court).

Plaintiff contends that no one objected and the Commonwealth Court heard this appeal over which it had no jurisdiction along with the HHS appeals, over which the court had jurisdiction because the HHS is administered by the Game Commission. She further contends

that the Commonwealth Court made a typographical error in confusing § 2302 with §2709. However, her statements are unsupported by the record. In addition, even if Plaintiff were correct, she has provided no means by which this Court could reject holdings of the Commonwealth Court in its published opinion.

In any event, as the Commonwealth Defendants correctly note, the analysis in the Report and Recommendation as to the issue of Eleventh Amendment immunity applies with equal force to Plaintiff's challenge under § 2709. She has not established an ex parte Young exception to the immunity because she has not pointed to any ongoing violations. Rather, she relies only on the actions underlying her own case, which occurred in 2001. Without evidence of any ongoing violations since that time, there is no activity for this Court to enjoin. Thus, in the alternative, the Commonwealth Defendants' motion for summary judgment with respect to Plaintiff's as-applied challenge to § 2709 should be granted based on Eleventh Amendment immunity.

AND NOW, this 16th day of November, 2009,

IT IS ORDERED that the motion for summary judgment submitted on behalf of Defendants Pennsylvania State Police, Clyde Jones, Todd Scott, Christian Winter and the Pennsylvania Game Commission on the constitutionality issue of Plaintiff's complaint (Docket No. 75) is granted.

IT IS FURTHER ORDERED that the motion for summary judgment submitted on behalf of Plaintiff to declare 34 Pa. C.S. § 2302 unconstitutional (Docket No. 78) is denied

Magistrate Judge Mitchell's Report and Recommendation dated October 22, 2009. (Docket No. 104) is adopted as the opinion of the Court, as modified by the instant Memorandum Order.

_____
Donetta W. Ambrose
United States District Judge