IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE S. HAAGENSEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 08-727 |
| PENNSYLVANIA STATE POLICE, et al., | ) ) |
| Defendants. | ) ) ) |
| AMBROSE, District Judge | ) |

**MEMORANDUM ORDER**

Defendants Christian Winter, Todd Scott and Clyde Jones (collectively, the "Commonwealth Defendants") have moved *in limine* for orders (1) permitting them to testify as to what they were told regarding the events relevant to this lawsuit; (2) excluding improper evidence; and (3) finding that the Commonwealth Defendants had probable cause as a matter of law to issue citations to Plaintiff. These motions have been joined by Defendants Ralph D. Joy, Jr., Jay McBride, Jordan Snyder, Shane Sparks, George Stevenish, Gary Ferrigno, Lesley McBride and Michael McBride (collectively, the "Hunter Defendants"). For the reasons set forth below, Defendants' motions *in limine* are granted in part and denied in part.

Motion *In Limine* #1 [Docket Nos. 154, 155]

The Commonwealth Defendants, who are three state troopers who responded to Plaintiff's calls regarding hunting activity, argue that they should be permitted to testify as to what they were told by Plaintiff and others involved in the relevant incidents. This information would not be governed by the hearsay rule, as it would be offered not to prove the truth of the matter asserted, but to demonstrate the Commonwealth Defendants' state of mind and motives.

1

As I have previously held, the sole remaining claim in this action is Plaintiff's claim under § 1983 for retaliatory prosecution against her for exercising her First Amendment right of free speech. In order to prove this claim, Plaintiff must show, *inter alia*, both that Plaintiff's protected activity caused the retaliation, and that the prosecution was not supported by probable cause. Thus, the Commonwealth Defendants' motivation for issuing citations to Plaintiff is directly at issue. I previously explained that the Commonwealth Defendants may testify as to what they believe their motivations were and what they witnessed. [Docket No. 119, at 23.] This testimony will necessarily include their recollections as to what they were told by witnesses as they investigated the occurrences. Similarly, Plaintiff may testify as to what she told the Commonwealth Defendants, call other witnesses to testify as to what they told the Commonwealth Defendants, and cross-examine the Commonwealth Defendants with respect to their testimony.

The hearsay rule applies to bar testimony of out of court statements offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(c). Here, the Commonwealth Defendants will be testifying as to their understanding of the incidents as it impacted their motives for issuing the citations. Such testimony does not implicate the hearsay rule. See Hale v. McMillen, 2010 WL 358079 (3d Cir. 2010) (permitting defendants to testify as to statements made to them by confidential informant where the statements were not offered for their truth but to demonstrate that the defendants had a legitimate penological motive for removing plaintiff from his prison library job). Accordingly, the Commonwealth Defendants' motion *in limine* with respect to this testimony is GRANTED.

Motion *In Limine* #2 [Docket Nos. 156, 157]

The Defendants' second motion *in limine*, seeks to exclude what they characterize as

"improper evidence." Defendants specifically identify three categories of evidence which they deem as irrelevant to the action: (1) evidence relating to the dismissed Constitutional and search and seizure claims in this action; (2) evidence as to contact Plaintiff may have had with the Pennsylvania State Police and Game Commission to the extent it does not involve the Commonwealth Defendants; and (3) documents referred to by Plaintiff as the "Reproduced Record." Defendants also seek to exclude as irrelevant the testimony of Frank Pawloski, the Pennsylvania State Police Commissioner, the Acting Commissioner of the Game Commission and Harry Lindsey.

In opposition, Plaintiff does not explain how evidence relating to the dismissed claims in this action would be relevant, and I agree with Defendants that it is not. See, e.g., Dawn L. v. Greater Johnstown Sch. Dist., 2008 WL 2620170 (W.D. Pa. July 2, 2008) (evidence which is only relevant to plaintiff's dismissed claims is inadmissible); Ramirez v. United Parcel Svc., 2010 WL 1994800 (D.N.J. May 17, 2010) (granting motion *in limine* to prevent plaintiff from introducing evidence regarding previously dismissed claims). With respect to the so-called Reproduced Record, which appears to refer to the entirety of the underlying criminal case against Plaintiff and possibly the docket in this civil action, I can state that the entirety of both records will certainly not be introduced into evidence; it would be in large part irrelevant and/or cumulative, vastly outweighing any probative value it would have. Federal Rule of Evidence 403. With respect to the underlying criminal proceedings, I would encourage the parties to enter into stipulations relating to the underlying facts, i.e. the nature of the citations, the convictions and dismissals and the results of the appeals. To the extent the Defendants and Plaintiff testified or otherwise made statements in connection with those proceedings, such testimony and statements may be introduced on cross-examination pursuant to Federal Rules of Evidence 801

and 803.  Accordingly, Defendants' motion *in limine* with respect to the Reproduced Record is GRANTED in part and DENIED in part.

As to the testimony of Frank Pawloski and the Acting Commissioner of the Game Commission (collectively, the "Commissioners"), Plaintiff has provided no foundation, beyond her own speculation, that the Commonwealth Defendants had knowledge of Plaintiff's prior communications with the Commissioners or that the Commissioners have any knowledge relating to the events at issue.  Plaintiff further argues that she should be permitted to call the Commissioners to testify regarding the training and performance of their agents in the field.  However, the Commonwealth Defendants are competent to testify regarding any relevant training they received.  Similar testimony from the Commissioners would be cumulative.[1]  Accordingly, Defendants' motion *in limine* with respect to the Commissioners is GRANTED.

Finally, Plaintiff seeks to call her neighbor, Harry Lindsay, to testify "on the subject of the deadly assaults made both on his family and on the Haagensen family during hunting season." [Docket No. 160, at 5.]  Plaintiff argues that "his recitation of these events is relevant and highly probative."  [Id. ]  However, Plaintiff does not argue that Mr. Lindsay was a witness to events involving the Defendants or the circumstances of Plaintiff's citations under 18 Pa. C.S.A. § 2709 and 18 Pa. C.S.A. §2302.  Nor is Plaintiff's character at issue in this action.  Accordingly, Mr. Lindsay's testimony is not relevant to these proceedings.  Defendants' motion *in limine* is GRANTED.

---

[1] Nor would such testimony be relevant to the issue of qualified immunity.  As the Report and Recommendation on summary judgment, adopted by me, explained, the question of qualified immunity turns on the Commonwealth Defendants' "subjective beliefs and motivations" as to why they issued the citations to Plaintiff, and the reasonableness of those beliefs. [Docket No. 119, at 28.]  There is no basis to infer that the Commissioners would have any non-cumulative knowledge on these issues.

III. Motion *In Limine* No. 3 [Docket Nos. 158, 159]

Defendants move *in limine* for an order finding that probable cause was conclusively established by the relevant convictions before the Court of Common Pleas at the summary appeal stage. [Docket No. 158, at 2-3.] Both Magistrate Judge Mitchell and I have previously considered and rejected this argument in connection with the Commonwealth Defendants' motion for summary judgment. [See Docket No. 119 at 24-26; Docket Nos. 120, 122.] Accordingly, Defendants' motion *in limine* is DENIED.

*    *    *

Based on the foregoing, it is ORDERED that:

(1) Defendants' motion *in limine* relating to the Commonwealth Defendants' testimony is GRANTED;

(2) Defendants' motion *in limine* to exclude improper evidence is GRANTED except with respect to the parties' prior testimony and statements in the underlying criminal actions; and

(3) Defendants' motion *in limine* with respect to probable cause is DENIED.

Dated: September 27, 2010

By The Court:

/s/Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge