IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JANICE S. HAAGENSEN,                    )
                                        )
            Plaintiff,                  )
                                        )
    -vs-                                )        Civil Action No. 08-727
                                        )
CHRISTIAN WINTER, et al.,               )
                                        )
            Defendants.                 )


AMBROSE, Senior District Judge


**Memorandum Order**

        Plaintiff has moved for reconsideration of the Judgment, dated April 6, 2011 [Docket No.

200], which granted a default judgment against Defendant Cathy Vasko ("Vasko"), and, after a

hearing, awarded Plaintiff one thousand dollars ($1000) in damages.  Plaintiff argues that: (1) the

Court was required to address Plaintiff's failure to receive proper notice of Vasko's bankruptcy

proceedings; (2) the Court's order granting in part Vasko's motion to dismiss the Complaint

[Docket No. 63] is void as a result of the automatic stay; (3) Plaintiff is entitled to a new jury

trial with respect to all Defendants because the erroneous application of the automatic stay

deprived her of her ability to call Vasko as a witness, in violation of her due process rights; and

(4) after entry of the default judgment against Vasko, Plaintiff was entitled to a jury trial on the

issue of damages.  I will address each of these issues *seriatim*.

        First, I am not required to determine whether or not Plaintiff received notice of Vasko's

bankruptcy petition.  When Plaintiff presented evidence that Vasko's bankruptcy had terminated,

I reopened the case against Vasko.  [See Docket No. 198.]  Upon notice and Vasko's default, I

entered a default judgment against Vasko and, after a hearing, awarded Plaintiff damages. Whether or not Plaintiff received proper notice of Vasko's bankruptcy petition, and, concomitantly, whether or not Plaintiff's claim against Vasko was discharged, are not relevant to my determination of the default judgment. In attempting to collect on the judgment, Plaintiff may address any failure to receive notice and the validity of any discharge of Vasko's obligation to Plaintiff in the Bankruptcy Court in which Vasko's petition was filed.

With respect to the claims against Vasko which were dismissed inadvertently during the automatic stay period,[1] I find that Plaintiff has waived her right to assert these claims. Plaintiff purportedly only recently learned that Vasko's bankruptcy case had been terminated,[2] and then sought to reopen her case against Vasko. Even accepting Plaintiff's version of the facts as true, despite her evident knowledge at the time she moved to reopen the case of the period of time encompassed by the automatic stay, Plaintiff did not seek to vacate the Court's order on the motion to dismiss. [See Docket No. 195.] Similarly, at the hearing on the default judgment, Plaintiff again did not seek to vacate that order. Plaintiff may not now, in her motion for reconsideration, raise this argument for the first time. In any event, vacating the motion to dismiss with respect to those claims would be futile. Count II alleging false arrest and Count IV alleging the state law claims of false arrest and intentional infliction of emotional distress are barred by the statute of limitations. Count III alleging malicious prosecution is without merit

---

[1] Vasko's bankruptcy petition was filed on March 9, 2009. This Court did not receive notice of the bankruptcy petition and automatic stay until June 24, 2009. Vasko's motion to dismiss was submitted on March 5, 2009, prior to her filing her bankruptcy petition, and decided by the Court on April 30, 2009.

[2] I note that the Bankruptcy Court records reflect that Plaintiff was mailed notice by the Bankruptcy Court on July 31, 2009 of the discharge of bankruptcy proceedings. Such notice raises a presumption that the mail was received. U.S. v. Cresta, 40 B.r. 953, 955 (Bankr. E.D. Pa. 1984). Plaintiff has submitted no evidence, apart from conclusory denials, that she did not receive such notice. Assuming Plaintiff received the notice of discharge in July 2009, her failure to move to reopen the case against Vasko until after a trial and judgment against the remaining parties, is inexcusable.

because Plaintiff did not suffer a deprivation of liberty consistent with such a claim. [See Docket No. 59.]

Plaintiff argues that the erroneous application of the automatic stay during the trial of Vasko's co-Defendants deprived Plaintiff of her due process rights with respect to the claims against those Defendants, because Plaintiff was unable to call Vasko as a witness in support of her claims. This argument is facially incredible. Plaintiff did not call a single witness, apart from herself, in support of her claims. Despite the presence of the Hunter Defendants in the courtroom during the trial, she did not call a single one of them as a witness, even with respect to her claims against them. Accordingly, it is not believable that Plaintiff would have called Vasko as a witness with respect to Plaintiff's claims against Vasko's co-Defendants. Plaintiff cannot credibly argue that the erroneous application of the automatic stay deprived her of her due process rights in connection with her claims against Vasko's co-Defendants. Thus, I deny Plaintiff's motion for a new trial of all Defendants.

Finally, Plaintiff argues that she had a right to a jury trial on the issue of damages in connection with the default judgment against Vasko. Plaintiff has also waived her right on this issue. Plaintiff appeared at the hearing on the default judgment and offered testimony as to the damages she suffered as a result of Vasko's actions. At no time did Plaintiff request a jury trial of this issue. It was not until I entered a monetary judgment against Vasko that Plaintiff, apparently disagreeing with the amount, argued that she was entitled to a jury trial. I will further note that I had previously entered a default judgment against another co-Defendant on the same claim asserted against Vasko and held a bench hearing on damages. [See Docket Nos. 192, 194.] Plaintiff at no point has argued that she was entitled to a jury determination of damages with respect to that Defendant. Finally, I fulfilled my obligations under Rule 52(a) by setting forth the

factual basis of my award of damages against Vasko.    Accordingly, I deny Plaintiff's request to vacate the Judgment against Vasko and for a jury trial on the issue of damages.

Based on the foregoing, Plaintiff's motion is DENIED in all respects.

Dated:  April 19, 2011

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge